UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
DILMA GUAMAN,

                                    Plaintiff,            COMPLAINT

      -against-

GOLD COIN II LAUNDRY CORP. d/b/a
TOWN LAUNDRY and MILDRED GIRALDO,
individually,

                                    Defendants.
---------------------------------------------------------------------------X

Plaintiff Dilma Guaman (hereinafter referred to as "Guaman" or "Plaintiff"), on behalf of herself, by and through her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Gold Coin II Laundry d/b/a Town Laundry, and Mildred Giraldo ("Giraldo"), individually (collectively "Defendants"), alleges the following:

### NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to redress the unlawful deprivation of wages, overtime compensation, minimum wages compensation, spread-of hours pay, unlawful deductions and other wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL").

2. Plaintiff worked as a laundry attendant, folding clean clothes and doing light housekeeping for Town Laundry.

3. Defendants failed to provide compensation to Plaintiff throughout Plaintiff's employment with Defendants.

4. Plaintiff brings this action to remedy violations of the wage-and-hour provisions of the FLSA and NYLL during her employment with Defendants.

5. Plaintiff also brings this action under the Wage Theft Protection Act, due to Defendants' failure to provide written notice of wage rates and wage statements in violation of the NYLL.

6. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay overtime wages, minimum wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the NYLL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

8. This Court has supplemental jurisdiction over the New York state law claims under the principles of supplement jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District.

## PARTIES

**Plaintiff Dilma Guaman**

10. Plaintiff is and was at all times relevant hereto an adult individual residing in Queens County, New York.

11. Plaintiff worked at Defendants from on or about September 2018 through on or about April 2020.

12. Plaintiff was employed by Defendants as a laundry attendant.

13. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Town Laundry.**

14. Town Laundry is, upon information and belief, a New York Corporation with its Principal business address located at 8320 Northern Blvd, Jackson Heights, New York 11372.

15. Upon information and belief, Defendant Giraldo is the principle of Town Laundry.

**Defendant Mildred Giraldo**

16. Upon information and belief, Giraldo is the principal of Town Laundry and maintains control, oversight and direction over Town Laundry.

17. Giraldo is a person engaged in business in Queens County who is sued individually in her capacity as an owner, officer, CEO and/or agent of Town Laundry.

18. Giraldo exercises sufficient control over Town Laundry to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Town Laundry.

19. Giraldo had substantial control over Plaintiff's working conditions and practices alleged herein.

## FACTS

**Plaintiff Dilma Guaman's Employment with Defendants**

20. Plaintiff worked as a laundry attendant for Defendants from on or about September 2018 through on or about April 2020.

21. Plaintiff worked at Defendants' Laundromat located at 8320 Northern Blvd, Jackson Heights, New York 11372.

22. Plaintiff's job duties primarily included folding and bagging clothes, and helping to clean the work site at the end of the shift.

23. Plaintiff worked between six and seven days a week.

24. From September 2018 through April 2020, Plaintiff was paid $10 per hour worked.

25. For the first 40 hours of work performed, Plaintiff did not receive the correct minimum wage under the NYLL.

26. For any work performed after 40 hours, Plaintiff was not compensated properly for overtime at one and one-half times her hourly rate.

27. Defendants required to perform uncompensated work.

28. Specifically, Plaintiff was often required to perform work after her paid official paid shift ended. Once Plaintiff finished the tasks as laundry attendant, Plaintiff was required to clean the work area without compensation.

29. When the COVID-19 pandemic began, Plaintiff's work hours were reduced and eventually she was terminated by Defendants.

30. Plaintiff was paid weekly in currency (cash).

31. Plaintiff never received paystubs stating how much she was paid.

32. Defendants never took withholdings from her weekly pay.

33. Defendants never discussed overtime compensation or overtime work with Plaintiff.

34. Plaintiff never received an accurate written record of her regular and/overtime hours worked.

**Defendants' Violations of the Wage Theft Protection Act**

35. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

36. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular

4

hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

37. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
## NYLL Minimum Wage Violations, NYLL §§ 650 *et seq*.

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. At all times relevant to this action, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

40. At all times relevant to this action, Plaintiff was covered by the NYLL.

41. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

42. Defendants failed to pay Plaintiff the minimum hourly wage to which she was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

43. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Throughout the relevant time period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

46. At all relevant times throughout Plaintiff's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for all work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

47. Plaintiff seeks damages in the amount of her unpaid minimum wages and overtime, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law §652 and 12 NYCRR §142-2.2.

50. Defendants failed to pay Plaintiff the minimum wage and overtime premium of one and a half times the regular hourly rate of pay for all of her overtime hours worked, in violation of the NYLL.

51. Defendants' failure to pay required minimum wage and overtime was willful.

6

52. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages, overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Earned Wages in Violation of New York Labor Law**

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants failed to pay Plaintiff her earned wages for the periods of time and in the manner as set forth above.

55. Defendants' failure to pay Plaintiff her earned wages was willful and not based on any good faith belief of compliance with New York Labor Law § 663, et seq.

56. As a result of the foregoing, Plaintiff has been denied wages required under New York Labor Law §§ 663 et seq., and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, §195(1), in English or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and

basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191.

59. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

60. Due to Defendants' willful violations of NYLL, Article 6, §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, §195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

63. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

64. Due to Defendants' willful violations of NYLL, Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work week that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Gold Coin Li Laundry d/b/a Town Laundry, and Mildred Giraldo, jointly and severally, as follows:

(a) Damages for the unpaid minimum wage and overtime pay due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(b) Damages for the unpaid minimum wage and overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(c) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(d) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(e) For pre-judgment and post-judgment interest on the foregoing amounts;

(f) For her costs and disbursements of this action, including attorneys' fees and expenses; and

(g) For such other further and different relief as this Court deems just and proper.

Dated: June 15, 2021
       New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*